## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### COURT FILE NO.: _____

| | |
|---|---|
| Harris H. Jones and Yolanda Jones, | |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| American Accounts & Advisers, Inc., and Al Doe, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

### JURISDICTION

1.      This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiffs.

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

### PARTIES

4.      Plaintiff Harris H. Jones (hereinafter "Plaintiff Harris") is a natural person who resides in the City of Ham Lake, County of Anoka, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Plaintiff Yolanda Jones (hereinafter "Plaintiff Yolanda") is the wife of Plaintiff

Harris and a natural person who resides in the City of Ham Lake, County of

Anoka, State of Minnesota, and is a person with standing in this action under

15 U.S.C. § 1692k(a).

6.     Defendant American Accounts & Advisers, Inc. (hereinafter "Defendant

AAA") is a collection agency and business corporation with a principal office

address located at 7460 80th Street S, Cottage Grove, Minnesota 55016, and is

a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.     Defendant Al Doe (hereinafter "Defendant Doe") is a natural person who was

employed at all times relevant herein by Defendant AAA as a collection agent,

and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.     Sometime before January 2012, Plaintiff Harris incurred a financial

obligation that was primarily for personal, family or household purposes and

is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely,

the unpaid balance for medical services provided by Unity Hospital in the

approximate amount of $543.52.

9.     Sometime thereafter, the debt was consigned, placed, or otherwise transferred

to Defendants for collection from Plaintiff Harris.

### *June 20, 2012 Illegal Collection Letter*

10.   On or around June 20, 2012, Defendant AAA sent a collection letter to Plaintiff

Harris demanding payment for this alleged debt, which was a "communication"

in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11.   Defendant AAA's June 20, 2012 collection letter stated in pertinent part the

following:

> Emergency Physicians has asked our agency to contact you to
> resolve your delinquent balance. Your account is not currently
> in collections and has not been reported to the credit bureau. To
> avoid being placed in collection, this account must be paid
> within 30 days.
>
> If you are unable to pay the balance in full, please contact our
> office immediately at 651-287-6140 to discuss a payment plan
> or financial assistance options. If we do not receive payment in
> full or make other arrangements with you in the next 30 days,
> your account will be placed in collections. At that point,
> Emergency Physicians will no longer be able to assist you with
> this balance.
>
> We accept payment by mail, phone or online at
> www.eppanet.com. If you wish to mail your payment or credit
> card information, please use the following address:
>
> Patient Financial Services
> Emergency Physicians Professional Association
> 5435 Feltl Road
> Minnetonka, MN 55343
> PFS@emer-phys.com
>
> American Accounts & Advisers, Inc. Pre-Collect Department

12.    The top of Defendant AAA's June 20, 2012 collection letter contained the words: "PRE-COLLECT PROGRAM."

13.    Defendant AAA's continued representations throughout the June 20, 2012 collection letter that Plaintiffs' account was "not currently in collections" and was in a "Pre-Collect Program" were false, deceptive and misleading representations in violation of the FDCPA.

14.    Upon well-grounded information and belief, Plaintiff Harris's account had been in default since January 2012 and was in collections.

15.    Unity Hospital then hired Defendant AAA, a collection agency, to collect this alleged debt from Plaintiffs.

16.    For Defendant AAA to state that Plaintiff Harris was "not currently in collections," when they were hired as a third party to collect on this account, was a false, deceptive, and misleading representation in violation of the FDCPA.

17.    Defendant AAA's June 20, 2012 collection letter also included a notice of Plaintiffs' right to dispute the debt as required by the FDCPA at 15 U.S.C. § 1692g.

18.    Defendant AAA's validation notice correctly provides 30 days from receipt of the notice for Plaintiff Harris to dispute the validity of the debt.

19.   However, Defendant AAA's collection letter demands that "this account must be paid within 30 days."

20.   Defendant AAA's demand for payment within 30 days left Plaintiff Harris confused as to whether he had 30 days from the receipt of the letter to dispute the debt, or whether he would have to pay within 30 days from the date of the letter to avoid further collection activity.

21.   Moreover, since Plaintiff Harris did not receive the collection letter the same day that it was sent, June 20, 2012, he was left with 29 days or less to pay, which is less than the 30-day period provided by the FDCPA at 15 U.S.C. § 1692g.

22.   Defendant AAA's June 20, 2012 collection letter confused and misled Plaintiff Harris, as well as overshadowed his right to dispute the debt in violation of the FDCPA.

23.   This communication from Defendant AAA was a false, deceptive, misleading, and illegal communication in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, and 1692g, amongst others.

*August 2012 Illegal Collection Call*

24. On or around July 28, 2012, Plaintiff Harris sent Defendant AAA a letter disputing the validity of the debt.

25. In or around August 2012, Plaintiff Yolanda called Defendant AAA to check on the status of the account because she was confused as to whether the debt was actually in collections or not, and she was uncertain if Defendant AAA would abide by the dispute because it was sent after the 30-day period.

26. After an unsuccessful attempt to reach Defendant AAA, Plaintiff Yolanda left a voicemail requesting that Defendant AAA return her call.

27. In or around August 2012, Defendant AAA called Plaintiff Yolanda and spoke briefly to her before the call was disconnected.

28. Plaintiff Yolanda then called Defendant AAA right back and spoke with a collection representative named Al.

29. During this conversation in August 2012, Defendant Al Doe of Defendant AAA demanded payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

30. Plaintiff Yolanda asked Defendant Doe about the status of the account, and whether it was in collections.

31.   Defendant Doe explained that it was in fact in collections, despite the June 20, 2012 collection letter that stated that the account was not in collections.

32.   Defendant Doe of Defendant AAA then asked Plaintiff Yolanda is she had any intention to make arrangements to pay the debt, or words to that effect.

33.   Defendant Doe's demand for payment on this debt, before Defendant AAA provided verification of the debt, was done in violation of the FDCPA.

34.   After Plaintiff Yolanda continued to express her confusion about the status of the debt, Defendant Doe raised his voice to her, became confrontational, and hung up on Plaintiff Yolanda.

35.   Defendant Doe used and abusive and harassing tone with Plaintiff Yolanda in violation of the FDCPA.

36.   Moreover, during this August 2012 collection communication, Defendant Doe of Defendant AAA failed to disclose that the communication was from a debt collector in violation of the FDCPA.

37.   This communication from Defendant Doe of Defendant AAA was a deceptive, misleading, abusive, and illegal communication in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(2), 1692e, 1692e(2), 1692e(10), 1692e(11), 1692f, and 1692g, amongst others.

***Summary***

38.   All of the above-described collection communications made to Plaintiff by these individual Defendants and other collection employees employed by Defendant AAA were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

39.   Plaintiffs have suffered actual damages as a result of Defendants' illegal conduct in the form anger, anxiety, emotional distress, frustration, and upset, amongst other negative emotions.

***Respondeat Superior Liability***

40.   The acts and omissions herein of the individuals employed to collect debts by Defendant AAA, and the other debt collectors employed as agents of Defendant AAA who communicated with Plaintiffs as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant AAA.

41.   The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant AAA in collecting consumer debts.

42.   By committing these acts and omissions against Plaintiffs, these individuals and these other debt collectors were motivated to benefit their principal, the Defendant AAA.

43.   Defendant AAA is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiffs.

**TRIAL BY JURY**

44.   Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.  US Const. amend. 7.  Fed. R. Civ. P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

45.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

46.   The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but

not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiffs.

47.     As a result of each Defendants' violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against each Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiffs;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiffs;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiffs; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: October 1, 2012          **BARRY, SLADE & WHEATON, LLC**

By:  **s/ Patrick J. Helwig**
Patrick J. Helwig, Esq.
Attorney I.D.#0391787
2701 University Avenue SE, Suite 209
Minneapolis, Minnesota 55414
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com
**Attorney for Plaintiffs**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA       )
) ss
COUNTY OF ANOKA       )

Pursuant to 28 U.S.C. § 1746, Plaintiff Harris H. Jones, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____    _____ ,_____.
            Month           Day          Year

_____
           Signature

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA            )
                              ) ss
COUNTY OF ANOKA               )

Pursuant to 28 U.S.C. § 1746, Plaintiff Yolanda Jones, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on _____     _____     , 20___ .
                Month            Day            Year


_____
                Signature

-13-